## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSHUA G. DUNCAN,

      **Plaintiff,**

      v.                                **CASE NO.  23-3043-JWL**

MADDY GARDNER, Sergeant,
Franklin County Adult Detention
Center, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se case under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, his claims arose during his detention at the Franklin County Jail in Ottawa, Kansas ("FCJ").  On February 16, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until March 17, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff has failed to respond by the Court's deadline.

Plaintiff claims that during his detention at the FCJ, between June and November 2022, he was sold nicotine patches that had the Surgeon General's warning label removed by jail staff. (Doc. 1, at 2.)  Plaintiff alleges that this violated the "Labling [sic] Acts."  *Id*. at 3.  Plaintiff seeks $2,200,000.00 in compensatory damages and injunctive relief.  *Id*. at 5.

The Court found in the MOSC that Plaintiff failed to state a claim for relief based on his conditions of confinement. Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).  The Court also found that Plaintiff failed to allege "deliberate

indifference" by the defendants.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The Court found that Plaintiff failed to allege a constitutional violation, and his claims suggest, at most, mere negligence.  Claims under § 1983 may not be predicated on mere negligence.  *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).  Plaintiff's allegations of negligence must be presented in a state court action.  Likewise, an allegation regarding the violation of a state statute fails to state a valid claim for relief.  State statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States. *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.' ") (citation omitted).  Plaintiff has not asserted a private cause of action based on a federal statute.  *See Rodriguez v. Philip Morris, Inc.*, 2005 WL 8168625, at *3 (D. P.R. 2005) (finding that the Labeling Act does not specifically provide a private cause of action, nor is there any indication Congress intended there to be one, and actions under the Act "can only be enforced through criminal proceedings or through suits for injunctive relief brought by the Attorney General") (citations omitted); *see also* 15 U.S.C. § 1338 (criminal penalty) and § 1339 (injunctive proceedings upon application by the Attorney General).

The Court also found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury, and Plaintiff's request for injunctive relief is moot because Plaintiff is no longer confined at the FCJ.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice."  (Doc. 4, at 8.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this case should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 24, 2023, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**